UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GRANITE RE, INC.,**
A Minnesota corporation,

                      **Plaintiff,**

  v.                                                Civil Action No.: 3:24cv484

**EARTH CRAFTERS, INC.,**
A Virginia Corporation,

        **SERVE:**        **James F. Snelson**
                          **Registered Agent**
                          **7106 Steckler Way**
                          **Fredericksburg, VA  22407**
                          **(County of Spotsylvania)**

**ROCKWOOD RECYCLING, LLC,**
A Virginia Limited Liability Company,

        **SERVE:**        **James F. Snelson**
                          **Registered Agent**
                          **5302 Plank Road**
                          **Fredericksburg, VA  22407**
                          **(County of Spotsylvania)**

**NORTHERN NECK METALS RECYCLING, LLC,**
A Virginia Limited Liability Company,

        **SERVE:**        **James F. Snelson**
                          **Registered Agent**
                          **3227 Richmond Road**
                          **Warsaw, VA  22572**
                          **(County of Richmond)**

**JAMES F. SNELSON, Individually,**

        **SERVE:**        **13010 Spotswood Furnace Road**
                          **Fredericksburg, VA  22407**
                          **(County of Spotsylvania)**

**and**

**DONNA S. NELSON, Individually,**

      **SERVE:**    **13010 Spotswood Furnace Road**
                                **Fredericksburg, VA  22407**
                                **(County of Spotsylvania)**

                                          **Defendants.**

<u><b>COMPLAINT FOR INDEMNITY</b></u>

The plaintiff, Granite Re, Inc., by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, states the following as its Complaint for Indemnity (the "Complaint") against defendants Earth Crafters, Inc., LLC; Rockwood Recycling, LLC; Northern Neck Metals Recycling, LLC; James F. Snelson and Donna S. Snelson.

THE PARTIES

1.     Granite Re, Inc. ("Granite Re") is a corporation duly organized and existing under the laws of the State of Minnesota and maintains its principal place of business in the State of Oklahoma.  Granite Re is duly authorized to engage in the surety business in the Commonwealth of Virginia and serves as a contract bond surety for Earth Crafters, Inc.

2.     Defendant Earth Crafters, Inc. ("Earth Crafters") is and was, at all times pertinent to this proceeding, a  corporation organized and existing under the laws of the Commonwealth of Virginia.  Earth Crafters maintains its principal place of business in the County of Spotsylvania, Virginia.

3.     Defendant Rockwood Recycling, LLC ("Rockwood Recycling") was, at all times pertinent to this proceeding, a limited liability company organized and existing under the laws of the Commonwealth of Virginia, which maintained its principal place of business in the County of Spotsylvania, Virginia, although its registration with the State Corporation Commission was automatically cancelled as of October 31, 2023. Upon information and belief, all members of

2

Rockwood Recycling were citizens of the Commonwealth of Virginia.

4. Defendant Northern Neck Metals Recycling, LLC ("Northern Neck Metals") is and was at all times pertinent to this proceeding, a limited liability company organized and existing under the laws of the Commonwealth of Virginia which maintains its principal place of business in the County of Richmond, Virginia. Upon information and belief, all members of Northern Neck Metals are citizens of the Commonwealth of Virginia.

5. Defendant James F. Snelson is and was at all times pertinent to this proceeding, an individual citizen of the Commonwealth of Virginia who resides at 13010 Spotswood Furnace Road, Fredericksburg, Virginia (County of Spotsylvania), although there is some information that he is currently residing at 7100 Steckler Way, Fredericksburg, VA (County of Spotsylvania).

6. Defendant Donna S. Snelson is and was at all times pertinent to this proceeding, an individual citizen of the Commonwealth of Virginia who resides at 13010 Spotswood Furnace Road, Fredericksburg, Virginia (County of Spotsylvania), although there is some information that she is currently residing at 7100 Steckler Way, Fredericksburg, VA (County of Spotsylvania).

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that Granite Re is a citizen of the State of Minnesota and the defendants are citizens of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of costs and interest.

8. Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 because (a) Earth Crafters and Northern Neck Metals is doing business in, (b) Rockwood Recycling was doing business in, (c) Mr. Snelson and Mrs. Snelson reside in, and (d)

a substantial part of the events, acts and/or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district and division.

## STATEMENT OF FACTS

9. In this Complaint, Granite Re seeks to enforce its unconditional rights as surety under an indemnity agreement, and to compel the specific performance of the contractual obligations of (a) Earth Crafters, (b) Rockwood Recycling, (c) Northern Neck Metals, (d) James F. Snelson and (e) Donna S. Snelson to, among other things and upon demand, indemnify and save Granite Re harmless by immediately reimbursing it for any and all losses, all in relation to contract payment and performance bonds it issued, as surety.

10. On or about May 9, 2019, (a) Earth Crafters, as principal and corporate indemnitor, (b) Rockwood Recycling and Northern Neck Metal as corporate indemnitors, and (c) Mr. and Mrs. Snelson, in their individual capacities as personal indemnitors (all of whom are sometimes collectively referred to as the "Indemnitors"), executed a General Agreement of Indemnity (the "GAI"), a true and accurate copy of which is attached as Exhibit A and is incorporated by reference as if specifically set forth in this Complaint.

11. By executing the GAI, each of the Indemnitors, jointly and severally, agreed to the express indemnity and other provisions set forth in the GAI.

12. Under the terms and conditions of the GAI the Indemnitors agreed, in pertinent part, that they:

> "will at all times indemnify, exonerate, and save [Granite Re] harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever, payable on demand of [Granite re] whether actually incurred or not, and any and all liability therefor sustained or incurred by [Granite Re] by reason of having executed or procured the execution of said bonds or obligations; that Indemnitor shall place [Granite Re] upon demand in funds, whether or not the

> Company has made payment for any claim, demand, liability, loss, cost, charge, counsel fee, or expense."

GAI, Page 1, ¶ 2 (Exhibit A).

13. In addition, under the terms and conditions of the GAI the Indemnitors agreed, in pertinent part, that they:

> "will pay, or cause to be paid, to [Granite re], as and when each and every such bond or obligation is executed, the premium therefor in accordance with the regular scheduled rates of [Granite re] then in force . . ."

GAI, Page 1, ¶ 1(Exhibit A).

14. In reliance upon the terms and conditions of the GAI, and the promises of the Indemnitors to indemnify and save it harmless from any and all losses, Granite Re considered and approved the request of the Indemnitors for the issuance of (a) contact payment and performance bonds for The Downtown Revitalization – Division 1 Project, Project No. JN 20180102 (the "Downtown Revitalization Project") and (b) subcontract bonds for the MCB Marine Mart, Golf Clubhouse & MCX Refresh Project (the "MCB Marine Project").

**The Downtown Revitalization Project**.

15. On January 15, 2020, Granite Re issued Bond Nos. GRVA46643 in the amount of $486,635 naming Earth Crafters as its principal and co-obligor, and the Town of Warsaw (the "Town") as obligee (the "Downtown Revitalization Bonds"). Copies of the Payment Bond and the Performance Bond for the Downtown Revitalization Project are attached as Exhibits B and C, respectively.

16. The Downtown Revitalization Bonds were issued in connection with Earth Crafters' contractual obligations to the Town on the Warsaw the Downtown Revitalization Project,

17. In conjunction with its performance of its contractual obligations to the Town, Earth Crafters entered into a sub contractual relationship with Fredericksburg Asphalt & Paving, Inc.

("Fredericksburg Asphalt") for certain asphalt work on the Downtown Revitalization Project all as set forth in three proposals dated September 22, 2020, September 28, 2020 and October 15, 2020 in the collective amount of $102,239. True and accurate copies of Fredericksburg Asphalt's three proposals as accepted by Earth Crafters are collectively attached as Exhibit D.

18. Fredericksburg Asphalt issued its invoices to Earth Crafters on September 30, 2020, October 23, 2020 and November 6 2020. When it did not receive payment, Fredericksburg Asphalt submitted its claim under the Payment Bond on December 2, 2020 for $102,239.00. Fredericksburg Asphalt's claim is attached as Exhibit E.

19. After completing its investigation and consulting with Earth Crafters, which advised that the claim was valid, Granite Re honored the claim. On March 9, 2021, Granite Re issued its check (Check No. 017664) payable to Fredericksburg Asphalt in the amount of $102,239.00 in satisfaction of Fredericksburg Asphalt's claim and received a Full and Final Release and Assignment in exchange. True and accurate copies of the check and the Full and Final Release and Assignment are collectively attached as Exhibit F.

20. Since its satisfaction of Fredericksburg Asphalt's claim, Granite Re has demanded that the Indemnitors reimburse it for the satisfaction of that claim.

**The MCB Marine Project**.

21. On May 31, 2018 Granite Re issued Bond Nos. GRVA41726 in the amount of $1,290,398 naming Earth Crafters as its principal and co-obligor, and Lifecycle Construction Services, LLC ("Lifecycle") as obligee (the "MCB Marine Bonds"). On May 26. 2020 and in response to a Construction Status Inquiry from Granite re, Lifecycle advised that the original contract amount was increased by Change Orders collectively totaling $381,697.85. As a result of the increased contract price and exposure, Granite Re issued its Invoice dated June 12, 2020 for the

increase in premium in the amount of $3,817.00. Copies of the Construction Status Inquiry (and response) and Granite Re's Invoice are collectively attached as Exhibit G.

**Indemnity Obligations and Demand.**

22. Inasmuch as the Indemnitors failed to satisfy their indemnity obligations with respect to Granite Re's satisfaction of Fredericksburg Asphalt's payment bond claim on the Downtown Revitalization Project and the increased premium by virtue of the change orders on the MCB Marine Project, Granite Re retained counsel who consulted with the Indemnitors' counsel on June 20, 2023.

23. By letter dated August 9, 2023, Granite Re, through its counsel, demanded payment from the Indemnitors in the amount of (a) $102,239 in relation to satisfaction of Fredericksburg Asphalt's payment bond claim on the Downtown Revitalization Project and (b) $3,817.00 in relation to the increased bond premium on the MCB Marine Project, as well as its attorneys' fees, costs and expenses. A true and accurate copy of the August 9, 2023 letter is attached as Exhibit H.

24. Ultimately the Indemnitors did pay $3,817.00 to satisfy the increased bond premium on the MCB Marine Project. Although there have been a few communications relating to the Indemnitors' obligations to indemnify and hold Granite Re harmless in relation to its satisfaction of Fredericksburg Asphalt's Payment Bond claim, its attorneys' fees, costs and expenses, and ongoing interest, nothing has materialized and the Indemnitors are still indebted to Granite Re for those losses.

25. The Indemnitors have failed to adequately respond to or comply with the demands asserted by Granite Re in relation to the Downtown Revitalization Project, the attorneys' fees, costs, and expenses, notwithstanding a representation that they would do so.

26. Granite Re has fulfilled its obligations as Earth Crafters' contract bond surety under

the Payment Bond for the Downtown Revitalization Project and, in doing so, and in pursuing the increased bond premium issue o the MCB Marine Project, has sustained losses and has incurred attorneys' fees, costs and expenses for which the Indemnitors are jointly and severally responsible.

27. The Indemnitors have wholly failed and/or refused to honor their contractual obligations to reimburse and indemnify and hold Granite Re harmless as required by the GAI and, therefore, have materially breached their obligations under the GAI, all to the detriment of Granite Re.

## COUNT I
## BREACH OF CONTRACT

28. Granite Re restates and incorporates the allegations as set forth in ¶¶ 1 through 27 above as if specifically set forth in this paragraph.

29. Under the terms and conditions of the GAI, the Indemnitors, jointly and severally, are obligated to comply with all of the terms and conditions of the GAI, including the obligation to indemnify, exonerate and save Granite Re harmless from and against every claim, demand, liability, loss, cost, charge, and expense, as well as its attorneys' fees, costs and expenses incurred as a result of the issuance of any bond on behalf of Earth Crafters. The Indemnitors have wholly failed and/or refused to indemnify and save Granite Re harmless with the exception of paying, *albeit* belatedly, the increased bond premium on the MCB Marine Project.

30. As a result of Granite Re's issuance of the contract payment bond for the Downtown Revitalization Project at the request of the Indemnitors, Granite Re (a) paid Fredericksburg Asphalt's claim under the payment bond, and (b) has incurred and expects to incur additional attorneys' fees, costs, and expenses, and interest.

31. The Indemnitors' failure and/or refusal to indemnify and save Granite Re harmless under the terms and conditions of the GAI constitute defaults under the GAI and

material breaches of contract, the direct and natural result of which has caused Granite Re to sustain significant damages.

WHEREFORE, Granite Re seeks judgment against (a) Earth Crafters, LLC, (b) Rockwood Recycling, LLC, (c) Northern Neck Metals Recycling, LLC, (d) James F. Snelson and (e) Donna S. Snelson, jointly and severally, in the principal amount of $102,239 plus (a) pre-judgment interest, (b) post-judgment interest on the entire sum until paid, and (c) any and all of its costs, expenses, and attorneys' fees incurred in relation to the Downtown Revitalization Project and the MCB Marine Project, all as provided by the terms and conditions of the GAI.

Respectfully submitted,

**GRANITE RE, INC.**

By Counsel

*/s/ Richard T. Pledger*

---

Richard T. Pledger (VSB No. 28192)
Thomas J. Moran (VSB No. 71296)
WRIGHT CONSTABLE & SKEEN LLP
301 Concourse Boulevard
West Shore III, Suite 120
Glen Allen, VA  23059
Telephone:     (804) 362-8293
Facsimile:     (804) 441-9250
e-mail:     rpledger@wcslaw.com
            tmoran@wcslaw.com
*Counsel for Granite Re, Inc.*